UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| GRANGE INSURANCE COMPANY<br>f/k/a GRANGE MUTUAL CASUALTY<br>COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>US FRAMING INC., et al.,<br><br>    Defendants. | Civil Action No. 3:22-CV-167-CHB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Dismiss filed by Defendants US Framing, Inc. ("USF"), US Framing Holdings, Inc. ("USF Holdings")[1], Patriot Carpentry, LLC ("Patriot"), and US Framing International, LLC ("USF International"). [R. 12]. Plaintiff Grange Insurance Company ("Grange") responded, [R. 22], and Defendants replied, [R. 23]. With leave of Court, Plaintiff filed a sur-reply, [R. 26]. This matter is therefore fully briefed and ripe for review. For the reasons set forth below, the Court will deny Defendants' Motion to Dismiss, [R. 12], and allow for limited discovery on the personal jurisdiction issues addressed herein.

I. **BACKGROUND**

In September 2014, Plaintiff issued a Commercial General Liability insurance policy (Policy No. CPP 2016043-00) to USF International and USF Holdings, effective from October 1, 2014 to October 1, 2015. *See* [R. 1, ¶ 9; R. 1-2 (Commercial General Liability Policy)]. Later, USF and Patriot were added as additional named insureds. [R. 1, ¶¶ 10–11]; *see also* [R. 22-2; R. 22-3]. Plaintiff also issued a Commercial Umbrella insurance policy (Policy No. CUP 2113509-

---

[1] Defendants represent that USF Holdings has changed its name to Construction Accounting and Marketing, Inc. *See* [R. 12, p. 1].

- 1 -

00) to USF International and USF Holdings, effective from October 1, 2014 to October 1, 2015. *Id.* ¶ 12; [R. 1-3 (Commercial Umbrella Policy)]. These policies were renewed for one additional year, with each policy period ending on October 1, 2016. [R. 1, ¶ 14].

The present dispute focuses on the application of these policies in four state court lawsuits related to four separate construction projects:

- In Tennessee, USF International contracted with National Lumber Company to provide certain construction services to the University of Tennessee and specifically, their campus in Knoxville, Tennessee. [R. 1, ¶ 15]. Both USF International and National Lumber Company have been named as defendants in a lawsuit brought by the general contractor of that construction project. *Id.* ¶ 17. National Lumber Company alleges in that suit that the work performed by or on behalf of USF International was defective or faulty. *Id.* ¶ 16.

- In Massachusetts, Patriot contracted with National Lumber Company to provide certain construction services in connection with a condominium construction project in South Boston, Massachusetts. *Id.* ¶ 18. The owners of that construction project brought suit, and National Lumber Company has named Patriot as a third-party defendant in that lawsuit. *Id.* ¶ 20. National Lumber Company alleges in that suit that the work performed by or on behalf of Patriot was defective or faulty. *Id.* ¶ 19.

- In Arkansas, USF International contracted with Thompson Thrift Construction to provide certain construction services for a student housing construction project in Fayetteville, Arkansas. *Id.* ¶ 21. Thompson Thrift Construction has asserted a claim against USF International, alleging that the work performed by or on behalf of USF International was defective or faulty. *Id.* ¶¶ 22–23.

- In Louisiana, USF contracted with Doster Construction Company, Inc. to provide certain construction services in connection with two construction projects in that state. *Id.* ¶ 24. The owners of those construction projects brought suit, and Doster Construction Company, Inc. has named USF as a third-party defendant, alleging that the work performed by or on behalf of USF was defective or faulty. *Id.* ¶¶ 25–26.

Plaintiff represents that it is "providing a defense to one or more Defendant[s] with respect to [these four lawsuits], subject to its reservation of the right to deny coverage." *Id.* ¶ 32.

Plaintiff initiated this suit on March 31, 2022, invoking the Court's diversity jurisdiction. *See generally* [R. 1]. Plaintiff seeks a declaratory judgment that the relevant insurance policies do not provide coverage to Defendants for any claims of damage caused by Defendants' defective or faulty workmanship. [R. 1, p. 7]. In response, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(2), arguing that this Court lacks personal jurisdiction over Patriot. *See* [R. 12 pp. 6–8]. Defendants also argue for dismissal under Rule 12(b)(7) for failure to join necessary and indispensable parties. *See id.* at 8–11. Alternatively, Defendants ask that this matter be severed into four distinct actions and transferred to more appropriate venues, namely, the states in which the underlying construction disputes arose. Plaintiff filed a reply, arguing that dismissal is inappropriate and, alternatively, that it should be allowed to conduct discovery regarding Patriot's contacts with Kentucky. *See* [R. 22]. Defendants replied, [R. 23], and Plaintiff filed a sur-reply. [R. 26].

## II. LEGAL STANDARD

### A. Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows the Court to dismiss a suit for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). In deciding a motion to dismiss under this

rule, the Court has three options: it "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (citation omitted). The Court retains "considerable discretion" in selecting one of these three options. *Hardesty v. S.I.T., Inc.*, No. 5:17-cv-00108-TBR, 2017 WL 11483968, at *1 (W.D. Ky. Sept. 14, 2017) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). Regardless of which way the Court handles the motion, "the plaintiff always bears the burden of establishing that jurisdiction exists." *Serras*, 875 F.2d at 1214 (citations omitted).

When the Court rules on written submissions alone, "the plaintiff may not rest on his pleadings to answer the movant's affidavits, but must set forth, 'by affidavit or otherwise [,] . . . specific facts showing that the court has jurisdiction.'" *Id.* (quoting *Well v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)). Once the Court has determined that personal jurisdiction issue can be resolved on such written submissions, it must consider the pleadings and affidavits in the light most favorable to the plaintiff. *Id.* (citations omitted). Under these circumstances, the plaintiff's burden is "merely that of making a prima facie showing that personal jurisdiction exists." *Id.* (citation omitted). To satisfy this burden, the plaintiff must "establish[] with reasonable particularity sufficient contacts between [the defendants] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (quoting *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)) (internal quotation marks omitted). If that burden is met, "the motion to dismiss should be denied, 'notwithstanding any controverting presentation by the moving party.'" *Serras*, 875 F.2d at 1214 (quoting *Marine Midland Bank N.A. v. Miller*, 664 F.2d 899, 904 (2nd Cir. 1981)); *see also Theunissen*, 935 F.2d at 1459 (explaining that "the court disposing of a 12(b)(2)

motion does not weigh the controverting assertions of the party seeking dismissal"). However, if the parties' written submissions "raise disputed issues of fact or seem to require determinations of credibility, the court retains the power to order an evidentiary hearing, and to order discovery of a scope broad enough to prepare the parties for that hearing." *Serras*, 875 F.2d at 1214 (citation omitted). If the Court does so, "the burden on the party asserting jurisdiction quite properly increases. [That party] must [then] establish that jurisdiction exists by the same standard that would obtain if the matter were deferred to trial: the preponderance of the evidence." *Id.* (citations omitted).

### B. Rule 12(b)(7)

Rule 12(b)(7) allows for dismissal for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19, in turn, explains when a party is required to be joined, or, in other words, when a party is indispensable to the proceeding. When considering a motion to dismiss for failure to join an indispensable party, "a court may go outside the pleadings and look to extrinsic evidence." *Back v. Chesapeake Operating, LLC*, No. 7:16-102-KKC, 2020 WL 806362, at *5 (E.D. Ky. Feb. 18, 2020) (quoting *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4 (7th Cir. 2001)) (internal quotation marks omitted); *see also BLC Lexington SNF, LLC v. Oatis*, No. 5:19-284-DCR, 2019 WL 6221006, at *3 (E.D. Ky. Nov. 20, 2019) ("Similar to a factual challenge under Rule 12(b)(1), the Court may consider evidence outside the pleadings [when ruling on a Rule 12(b)(7) challenge]." (citation omitted)). The defendant bears the initial burden of demonstrating that the plaintiff has failed to join a necessary or indispensable party. *BLC Lexington SNF, LLC*, 2019 WL 6221006, at *3 (citation omitted).

### III. ANALYSIS

### A. Rule 12(b)(2) – Personal Jurisdiction

A federal district court sitting in diversity must conduct a two-step inquiry to determine if it has personal jurisdiction over an out-of-state defendant: "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (citation omitted); *see also Aristech Chemical Intern. Ltd. V. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). Accordingly, the Court first turns to Kentucky's personal jurisdiction law. Kentucky's Long Arm statute allows personal jurisdiction over nonresident defendants in nine enumerated situations, including when a defendant "[t]ransact[s] any business in this Commonwealth," "[c]ontract[s] to supply services or goods in this Commonwealth," or "[c]ontract[s] to insure any person, property, or risk located within this Commonwealth at the time of contracting." Kentucky Revised Statutes ("KRS") § 454.210(2)(a)(1), (2), (7).

The Sixth Circuit has explained that Kentucky's Long Arm statute "authorizes federal district courts [] sitting in Kentucky to exercise personal jurisdiction over defendants to the full extent allowed under the Due Process Clause." *MSD Energy, Inc. v. Gognat*, 507 F.Supp.2d 764, 771 (W.D. Ky. 2007) (citing *Aristech Chem. Int'l v. Acrylic Fabricators*, 138 F.3d 624, 627 (6th Cir. 1998); *Lexmark Int'l, Inc. v. Laserland, Inc.,* 304 F.Supp.2d 913, 915 (E.D. Ky. 2004)). Because Kentucky's Long Arm statute "reaches as far as the limits of the Due Process Clause," the two inquiries outlined above "merge." *Aristech*, 138 F.3d at 627. As a result, the Court "need only determine whether the assertion of personal jurisdiction . . . violates constitutional due process." *Id.* (quoting *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996)) (internal quotation marks omitted).

The federal Due Process Clause "permits the exercise of both general and specific jurisdiction." *Id.* General jurisdiction exists if the defendant "has 'continuous and systematic

contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims.'" *Id.* (quoting *Kerry Steel v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)). In other words, if the defendant's contacts with the forum state are of a "continuous and systematic nature," then "the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002) (quoting *Third Natl. Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)) (internal quotation marks omitted).

Unlike general jurisdiction, specific jurisdiction allows a defendant to be sued in the forum state only with respect to "claims that 'arise out of or relate to' a defendant's contacts with the forum." *Aristech Chemical*, 138 F.3d at 627–28 (quoting *Kerry Steel*, 106 F.3d at 149) (internal quotation marks omitted). The Sixth Circuit applies a three-part test to determine if a defendant's contacts with the forum satisfy due process. *See, e.g.*, *Aristech Chemical*, 138 F.3d at 628; *Lexmark Intern., Inc.*, 304 F.Supp.2d at 915.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Lexmark Intern., Inc.*, 304 F.Supp.2d at 915 (quoting *Southern Machinery Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). Where these first two requirements are satisfied, "an inference of reasonableness arises." *Theunissen*, 935 F.2d at 1461 (citation omitted).

Defendants argue that Patriot, a Connecticut limited liability company, has "no contacts with Kentucky that would subject it to general personal jurisdiction in Kentucky." [R. 12, p. 7]. According to Defendants, Patriot does not transact business in Kentucky, is not registered to

conduct business in Kentucky, has no employees and no property in this state, and "has never built a project in Kentucky." *Id.* at 8. Defendants acknowledge that Patriot has "a member who resides in Kentucky," but argue that this is irrelevant for personal jurisdiction purposes. *Id.* at 7–8 (citing *Brewer v. Alliance Coal, LLC*, No. 20-41-DLB-EBA, 2021 WL 3057380, at *3 (E.D. Ky. July 20, 2021)). Citing these factual assertions, Defendants argue that "the Court cannot exercise general personal jurisdiction or specific personal jurisdiction over Patriot." *Id.* at 8.

In response, Plaintiff notes that it is Patriot's *sole* member who resides in and is a citizen of Kentucky; Patriot has previously listed its business address as 11420 Watterson Court, Suite 100, in Louisville, Kentucky; and Patriot obtained two Paycheck Protection Program ("PPP") loans through Republic Bank in Louisville. [R. 22, p. 15]. For support, Plaintiff attaches the "change request" used to add Patriot as an additional Named Insured to the Commercial General Liability policy. [R. 22-3]. That document indicates that Patriot "has the same ownership" as the other Named Insureds. *Id.* at 4 ("There is no change in exposures and has (sic) the same ownership."). Plaintiff also attaches documents regarding Patriot's PPP Loan, which identify Patriot's "location" as Louisville, Kentucky and its address as the Waterson Court address noted above. [R. 22-4]. Those same documents indicate that USF International "received a PPP loan registered to the same address," *id.* at 3, and the change request and policy documents further suggest that Patriot shares a physical address with the other defendant-entities.[2] *See* [R. 22-4; R. 1-2]. Plaintiff argues that these factual assertions "demonstrate that Patriot *has been* doing business here [in Kentucky]," thereby establishing general personal jurisdiction, and "at a minimum, it establishes grounds for additional discovery to determine what other contacts Patriot has failed to reveal." [R. 22, p. 15].

---

[2] Documents submitted by Defendants also indicate that USF International and Patriot share a common address, as those documents list the Watterson Court address for both entities. *See* [R. 23-1].

Plaintiff also argues that this Court has specific personal jurisdiction over Patriot because Patriot was a Named Insured on the policy at issue, which "was negotiated and contracted in Kentucky," and the "insured property and risk [is] located in Kentucky." [R. 22, p. 16]. Plaintiff further argues that the policy's premiums "were paid out of Kentucky," and Patriot listed its address as Louisville, Kentucky on the policy. *Id.* Thus, Plaintiff argues, "[i]t is both reasonable and foreseeable that an action based on the [Commercial General Liability] Policy would be brought in Kentucky because Kentucky is the only state with a substantial connection to the [policy], and being a party to the [policy] was not a random, fortuitous or attenuated act." *Id.*

In Defendants' reply brief, Patriot explains that its PPP loans were used to pay its seven employees, who live in Massachusetts and Connecticut, but it does not deny that it used a Louisville, Kentucky address as its "location" on its PPP loan forms nor does it explain its affiliation with that office. *See* [R. 23, pp. 3–4]. In a sur-reply, Plaintiff notes that "Patriot has not denied that its primary business address is in Kentucky," and Patriot "has avoided any discussion of where those [PPP loan] payments originated and Patriot did not deny that Republic [Bank in Louisville, Kentucky] was its bank." [R. 26, p. 8]. Plaintiff also "restates its alternative motion for leave to conduct discovery concerning Patriot's contacts with Kentucky, including the extent to which the operations of Patriot are run out of Kentucky." *Id.*

To summarize, Plaintiff has suggested, through its written submissions and exhibits, that Patriot conducts business in Louisville, Kentucky, specifically at the Waterson Court address listed above. Plaintiff has presented evidence that Patriot, at the very least, shares this physical address with the other defendant-entities. *See, e.g.*, [R. 22-4]. At least two of those entities (USF and USF Holdings) are incorporated under the laws of other states but have their principal place of business in Kentucky, *see* [R. 1, ¶¶ 2, 4], and personal jurisdiction over the other entity (USF

International) has not been challenged. Plaintiff has also presented evidence that these four defendant-entities share common ownership. *See* [R. 22-2; R. 22-3]. At the very least, this suggests that some degree of Patriot business may have been or is currently being conducted in Kentucky. Defendants, on the other hand, flatly deny that Patriot transacts business in Kentucky. *See* [R. 12, p. 8].

At this point, the Court cannot "weigh the controverting assertions of the party seeking dismissal." *Theunissen*, 935 F.2d at 1459 (citations omitted). This limitation seeks "to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *Id.* However, where the parties' "written submissions raise[] disputed issues of fact" relevant to the personal jurisdiction issue, the trial court should "allow[] further discover or [hold] an evidentiary hearing." *Drexel Chemical Co. v. SGS Depauw & Stokoe*, No. 94-5564, 1995 WL 376722, at *2 (6th Cir. June 22, 1995) (citing *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)); *see also Theunissen*, 935 F.2d at 1465 ("In view of the directly contradictory nature of the parties' assertions, an evidentiary hearing is necessary to determine which factual account is accurate." (citing *Serras*, 875 F.2d at 1214)). Further, the Court is mindful that, even though the plaintiff bears the burden of demonstrating personal jurisdiction, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." *Hardesty*, 2017 WL 11483968 at *1 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

Here, the Court finds that the present factual dispute—i.e., whether Patriot conducts any business in or has any contacts with Kentucky and if so, to what extent—is central to the personal jurisdiction issue raised in Defendants' motion. Plaintiff's evidence and factual allegations indicate that its arguments on this issue are not "clearly frivolous." *Id.* *1 (quoting

*Toys "R" Us, Inc.*, 318 F.3d at 456). Accordingly, in view of the parties' contradictory assertions and Plaintiffs' repeated requests for jurisdictional discovery, the Court will deny Defendants' Motion to Dismiss without prejudice to the extent it seeks dismissal for lack of personal jurisdiction, and it will allow for limited discovery related to the personal jurisdiction issue at hand.

### B. Rule 12(b)(7) – Failure to Join Necessary and Indispensable Parties

In addition to arguing that this Court lacks personal jurisdiction over Patriot, Defendants argue that Plaintiff has failed to join necessary and indispensable parties, thereby warranting dismissal under Rule 12(b)(7) or, alternatively, severance and transfer under Rule 21. [R. 22, pp. 9–15]. More specifically, Defendants argue that (1) Defendants' "subsequent insurance carrier," Selective Insurance Company of America ("Selective"), is also defending the defendants in the state court actions and is therefore a necessary and indispensable party that has not been joined; (2) Patriot is a necessary and indispensable party but cannot be joined in this action because the Court lacks personal jurisdiction over it; (3) "a number of" unidentified additional insured entities are involved in the underlying state court actions and are therefore necessary and indispensable parties to the current action; and (4) this action should be severed into four distinct actions, with each being transferred to a more appropriate venue. *Id.*

As the Sixth Circuit has explained, "Rule 19 of the Federal Rules of Civil Procedure establishes a three-step analysis for determining whether a case should proceed in the absence of a particular party." *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001) (citation omitted). First, the Court turns to Rule 19(a) to determine "whether a person is necessary to the action and should be joined if possible." *Id.* (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763–64 (6th Cir. 1999)). If that party is deemed necessary under Rule 19(a),

the Court must next determine if that party "is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction." *Id.* (citations omitted). Then, if the necessary party cannot be joined, the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see also PaineWebber, Inc.*, 26 F.3d at 197. Rule 19(b) then lists four factors that the Court must consider in evaluating this final step. *See* Fed. R. Civ. P. 19(b)(1)–(4).

At this time, the Court declines to address Defendant's Rule 12(b)(7) argument relating to Patriot. This Rule 12(b)(7) argument hinges on Defendants' Rule 12(b)(2) argument that the Court lacks personal jurisdiction over Patriot. As noted above, the Court will deny the Motion to Dismiss to the extent it seeks dismissal for lack of personal jurisdiction and will allow limited discovery on that issue. Accordingly, the Court cannot presently resolve the Rule 12(b)(7) argument relating to Patriot. The Court will therefore deny Defendants' motion without prejudice to the extent it raises a Rule 12(b)(7) argument relating specifically to Patriot.

The Court will also deny Defendants' Rule 12(b)(7) arguments relating to Defendants' subsequent carrier, Selective, and other additional insureds. With respect to these arguments, the Defendants make no effort whatsoever to address the three-step analysis outlined above, despite reciting those basic elements in their motion. *See* [R. 12, pp. 8–11; R. 23, pp. 4–5]. Further, Defendants fail to cite a single case or any other legal authority to support their positions, and they do not even identify the alleged additional insureds that are involved in the underlying state court proceedings. Simply stated, Defendants have not addressed the three-step analysis for determining if a party is necessary and indispensable, nor have they provided sufficient information that would allow the Court to undertake such an analysis. On this point, the Court is mindful that, unlike the Rule 12(b)(2) analysis, which places the burden on the plaintiff to

demonstrate personal jurisdiction, a Rule 12(b)(7) analysis places the initial burden on the party seeking dismissal. *See BLC Lexington SNF, LLC*, 2019 WL 6221006, at *3 (citation omitted). Defendants, by failing to fully develop their arguments (including identifying the very parties that they claim are necessary and indispensable)[3] and failing to cite any authority whatsoever to support their arguments, have clearly failed to satisfy their burden. The Court considers these undeveloped arguments waived. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation omitted)); *Trimble v. Colvin*, No. 14-19-GFVT, 2015 WL 439984, at *9 (E.D. Ky. Feb. 3, 2015) (deeming waived those issues that were "completely undeveloped by any further argument, law, or support" and which the Court was "unable to review . . . without any further clarification" from the plaintiff). The Court will therefore deny without prejudice Defendants' Motion to Dismiss to the extent it seeks dismissal under Rule 12(b)(7) for failure to join Selective or any unidentified additional insureds.

### C. Rule 21 – Request for Severance and Transfer

Defendants have also requested that, if the Court does not dismiss under Rule 12(b)(2) and Rule 12(b)(7), it sever this matter into four distinct actions under Rule 21 and transfer each action to Arkansas, Tennessee, Louisiana, and Massachusetts, where the underlying state court actions remain pending. [R. 22, pp. 5, 11–15]. Defendants make clear in their briefing that this Rule 21 argument is an alternative argument to Defendants' requests for dismissal. In other words, Defendants only seek severance and transfer under Rule 21 if the Court first rules that dismissal under Rule 12(b)(2) and Rule 12(b)(7) is inappropriate. As the Court has already

---

[3] In the background section of its Motion to Dismiss, Defendants name some of the alleged additional insureds but also reference "other parties," which are unnamed. [R. 12, pp. 2–4]. Then, in their Rule 12(b)(7) argument, Defendants argue that "[e]ach party named as an additional insured" is an indispensable party. *Id.* at 10. Yet, Defendants do not identify "[e]ach party named as an additional insured." *Id.*

explained, it is allowing limited discovery on the personal jurisdiction issue and will allow Defendants to refile, if necessary, a Rule 12(b)(2) and Rule 12(b)(7) motion for dismissal. Accordingly, the Court will not now address the alternative Rule 21 argument. The Court will therefore deny without prejudice the Motion to Dismiss to the extent it seeks severance and transfer under Rule 21.

### D. CONCLUSION

For the reasons set forth above, the Court finds that limited discovery is warranted to resolve the issue of whether this Court has personal jurisdiction, either general or specific, over Patriot. The Court further declines to address Defendants' remaining Rule 12(b)(7) arguments, as they are either related to the Patriot's personal jurisdiction (or lack thereof) or are otherwise wholly undeveloped. The Court will therefore deny the Motion to Dismiss, [**R. 12**], without prejudice and allow for a brief period of limited discovery relating to the personal jurisdiction issues outlined herein. Upon the close of such discovery, Defendants may reassert their Rule 12(b)(2) and Rule 12(b)(7) arguments, if necessary and warranted by the evidence uncovered in discovery. If such a motion is filed, the parties must support their arguments by citation to legal authority and factually analogous case law, and they must address each of the individual requirements of general and specific personal jurisdiction and each part of the three-step analysis required for a Rule 12(b)(7) motion. The parties are warned that undeveloped arguments may be deemed waived. *See, e.g.*, *Slater*, 28 F. App'x at 513.

Accordingly, the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Dismiss, [**R. 12**], is **DENIED WITHOUT PREJUDICE**.

2. The parties may conduct limited discovery on the issue of whether this Court may exercise personal jurisdiction over Defendant Patriot Carpentry, LLC, with said discovery to be completed **on or before May 26, 2023**.

3. **On or before June 30, 2023**, Defendants may refile their motion pursuant to Rule 12(b)(2) and Rule 12(b)(7). Normal response and reply times shall apply. The Court will construe the lack of a Rule 12(b)(2) motion or argument as a waiver of any objection to this Court exercising personal jurisdiction over Defendant Patriot Carpentry, LLC. Defendants may also file a waiver of any personal jurisdiction concerns, if necessary.

This the 30th day of March, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of Record